THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR LEO HILL, Appellant.— Judgment, Supreme Court, New York County, rendered October 18, 1972, convicting defendant, after a jury trial, of possession of a weapon as a felony, unanimously reversed on the law and in the interest of justice and the case remanded for a new trial. Examination of the record herein reveals that the supplemental charge to the jury was coercive in that the deadlocked jury was instructed that it had 10 minutes to arrive at a verdict or, failing thereat, be sequestered in a hotel overnight (see *People* v. *Riley*, 20 A D 2d 599). The People on the argument of the appeal did not seriously dispute this contention. In view of this disposition, the court does not consider the remaining issues raised by appellant. Concur — McGivern, P. J., Kupferman, Murphy, Lupiano and Lynch, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEVE ROBINSON, Appellant.— Judgment, Supreme Court, New York County, rendered October 25, 1972, convicting defendant, upon his plea of guilty, of grand larceny in the third degree and sentencing him to an indeterminate period of imprisonment not to exceed four years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded for a hearing on defendant's motion to withdraw his plea. On arraignment for sentence, defendant's recently substituted attorney advised the court that defendant wished to withdraw his guilty plea on the grounds that he was innocent of the charges, that the plea was induced by a promise of freedom and that he had been deprived of any meaningful assistance of counsel when the plea was taken. The record tends to support the contention that there may have been inadequate consultation between defendant and his assigned counsel, whom he met for the first time on the day the guilty plea was entered. Under the circumstances of this case, and in light of defendant's assertion of innocence, the application should not have been summarily disposed of without a hearing. (*People* v. *McLain*, 32 N Y 2d 697; *People* v. *McKennion*, 27 N Y 2d 671.) Concur — McGivern, P. J., Kupferman, Murphy, Lupiano and Lynch, JJ.