THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD SHARFF, Appellant.

First Department, November 12, 1974.

*Carolyn Wheat* of counsel (*William E. Hellerstein* and *William J. Gallagher*, attorneys), for appellant.

*Edward A. McDonald* of counsel (*Lewis R. Friedman* with him on the brief; *Richard H. Kuh, District Attorney*), for respondent.

TILZER, J. The defendant appeals from a judgment convicting him after a trial by jury of rape in the first degree and sentencing him to a term of imprisonment of 4 to 12 years.

The jury went into deliberations at about 12:30 P.M. It appears that about five hours later the jury reported that it was " still having additional arguments ". Thereupon, the court gave the following supplemental instructions:

As you all know, the purpose of a trial is a search for the truth.

Therefore, if it is at all possible, it is desirable that a jury should reach a verdict, one way or the other.

I am not suggesting that you should agree on a verdict that you do not consider to be a just verdict, but I am suggesting that you attempt to resolve your differences and agree on a proper verdict that is in accordance with your findings of fact and the law as I have explained it to you. * * *

Now I ask you to go back into the jury room and once again review the evidence.

Go over the testimony of each witness sensibly, weigh it very carefully. Discuss it calmly, dispassionately. Listen to the view and arguments of your fellow jurors. This is what I mean by deliberations. * * *

Being under oath you must continue; or you are under oath to deliberate in this court until there are no further deliberations warranted in this case.

That does not mean that every decision must be made by you.

It does not mean that a verdict must be reached.

But it does mean that every effort should be made by you consistent with your conclusions to arrive at a verdict.

## The court further stated:

If you are unable to reach a verdict by 6:45 P.M., I am going to tell you what I will do.

I am going to send you out to dinner and then to a hotel at 6:45 P.M., because there is no point in coming back here from dinner. It will be late at night.

Tomorrow morning your minds will be free and fresh. You can deliberate some more then. This is a serious case. A verdict should be reached, one way or the other. * * *

I am going to ask you to go back in there now and work until 6:45 P.M.

If there is no verdict reached one way or the other, I am sending you out to dinner and out to a hotel, and you will leave the building until tomorrow morning, when you will come back here and go back to the jury room, and once again see if you can come to a verdict one way or the other.

After the jurors left the courtroom, counsel for the defendant objected, arguing that the supplemental instructions were unduly coercive, which objection was overruled. Approximately 15 minutes later the jury returned a guilty verdict.

On appeal it is urged that the supplemental instructions improperly emphasized the necessity of reaching a verdict and that the court's statements with reference to sequestration were prejudicial and constituted reversible error.

We believe that the instructions were proper and were not coercive. Contrary to the contention that the Trial Justice unduly emphasized the necessity for arriving at a verdict, the court specifically stated that it was " not suggesting that [the jury] should agree on a verdict [it did] not consider to be a just verdict ", and that " it [did] not mean that a verdict must be reached." The total effect of the instructions was to remind the jurors of their obligations and the importance of reaching a verdict and in so doing, the court acted well within the bounds of discretion (see *People* v. *Randall,* 9 N Y 2d 413; *People* v. *Faber,* 199 N. Y. 256).

Further, we do not believe that the trial court's statements concerning sequestration were coercive. Although, under certain circumstances, informing the jury that it might be held overnight has been considered to be improper, it has not been held that such is reversible error in and of itself, but rather,

the courts have given consideration to the manner in which the jury was so informed as well as the circumstances involved in each situation.

Accordingly, in *People* v. *Kincaid* (9 A D 2d 954, 955) although a new trial was directed because of certain '' remarks and innuendoes made in urging the jury to arrive at a verdict '' the court stated: '' We do not think that it was improper for the learned Trial Judge to remonstrate with the jury six hours after they had first retired, for possible obstinacy which might have prevented agreement by them up to that time, and to tell them that he would lock them up for the night if they did not reach an agreement ''.

And as indicated, even where it has been concluded that the Trial Justice's references to sequestration were improper, that conclusion was arrived at only upon consideration of the manner in which the court instructed the jury. For example, in *People* v. *Josey* (19 A D 2d 660) the jury was not only told that it might be kept overnight but was also informed that there had not been a hung jury in that county for over 20 years. In *People* v. *Riley* (20 A D 2d 599), the Trial Justice stated that it would give the jury '' a short while longer '' before sending it to a hotel for the evening. The Appellate Division in reversing, considered that statement coercive, particularly in view of the fact that a court officer was thereupon immediately sent into the jury room to obtain the jurors' addresses so that personal effects could be obtained from their homes. And, in *People* v. *Hill* (44 A D 2d 813) after the jury had twice reported difficulties in reaching a verdict, the Trial Justice stated as follows: '' I am going to give you ten more minutes and if you haven't arrived at a verdict, then I think I am going to send you out to dinner and a hotel * * * and bring you back at 10 o'clock tomorrow ''.

It is argued, however, by the dissenting Justice that *People* v. *Hill* (*supra*) is controlling and that the only difference in this case is the time element, i.e., 10 minutes in *Hill*; 75 minutes in the case at bar. Not only is the difference in the time element of importance but the circumstances involved in *Hill* distinguish that case from the matter *sub judice*. In *Hill,* the jury had already found the defendant not guilty on the first two counts of the indictment, and as previously stated, on two occasions had informed the court of their disagreement concerning the remaining counts. Accordingly, at that point there could be little purpose in allowing the jury 10 minutes more for deliberations before being sent to a hotel overnight.

The circumstances herein are quite different. At the time the jury reported back there was still ample time for further deliberations and the jury was permitted to utilize the remaining one hour and 15 minutes prior to dinner. However, the Trial Justice, as a matter of discretion, felt that if a verdict was not reached by dinnertime then it would be inadvisable to have the jury return after dinner. By that time, the hour would be late, the jurors fatigued, and it was considered best not to have them deliberate until late in the evening but rather, have them retire to a hotel and resume in the morning.

The court having concluded that sequestration was in order, the jury, of course, was entitled to be apprised of that fact in advance, and indeed, it would have been inappropriate to await a later hour and then, without warning, inform the jurors of their imminent overnight stay. (Cf. *People* v. *Josey,* 19 A D 2d 660, 661.) As stated in *United States* v. *Commerford* (64 F. 2d 28, 31 [2d Cir.]) where it was also urged that it was error to tell the jurors that they would be kept overnight upon failure to reach a verdict: " All that was said and done was intended to be of assistance to the jury and to provide for their rest during the night if they failed to agree and for their further deliberation in the morning." (See, also, *United States* v. *Minieri,* 303 F. 2d 550 [2d Cir.].)

We therefore conclude that the supplemental instructions were appropriate and did not prejudice defendant's rights to a fair trial.

Accordingly, the judgment should be affirmed.

MURPHY, J. (dissenting). Since I find this case indistinguishable from *People* v. *Hill* (44 A D 2d 813), I would reverse and grant a new trial. There, as here, the jurors were unable to agree on a verdict until informed, in a supplemental charge, that they would be sequestered for the night if they remained deadlocked much longer. The difference in the amount of additional time given in each case (10 minutes in *Hill*; 75 minutes in the case at bar) is legally insignificant. Both charges were prejudicially coercive; and the fact that the jury in each case returned a verdict within minutes thereafter, although previously unable to agree despite many hours of deliberation, cannot be ignored.

MARKEWICH, J. P., and NUNEZ, J., concur with TILZER, J.; MURPHY, J., dissents in an opinion.

Judgment, Supreme Court, New York County, rendered on June 15, 1972, affirmed.