Memorandum. The order of the Appellate Division should be affirmed.
At the conclusion of a five-day trial, the jury retired to deliberate at about 12:30 p.m. and, approximately five hours later, the foreman reported that it was "still having additional arguments.” The Trial Justice informed the jury members that, if they were unable to reach a verdict by 6:45 p.m., that they would be sent to dinner and then to a hotel, and that in the morning, when their minds would be free and fresh, they could deliberate some more. In the light of the court’s instructions, made at the same time, during which it was stated that he was not suggesting that the jury should agree on a verdict that they do not consider to be a just verdict but that they attempt to resolve their differences and agree on a proper verdict in accordance with their findings of fact and the law as explained to them by the court, that their oath does not mean that a verdict must be reached but that it does mean that every effort should be made by them consistent with their conclusions to arrive at a verdict, that by their oath they swore that they would be completely objective in arriving at their final determination, and they should go over the testimony of each witness sensibly, weighing it carefully and discussing it calmly and dispassionately, the jury was free to *753 convict, acquit or disagree and the remarks did not constitute an attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict (People v Randall, 9 NY2d 413, 425-426; People v Faber, 199 NY 256, 260-261; People v Campanaro, 223 App Div 248, 253, affd 249 NY 545). The importance of having a jury agree may be properly urged upon the attention of its members (People v Faber, supra) and, under the circumstances present, the mere statement, absent improper conduct, remarks or innuendos, that if they were unable to reach a verdict within a period of approximately an hour and a quarter they would be sequestered at a hotel for the night, was not improper (People v Kincaid, 9 AD2d 954; cf. People v Randall, supra; see United States v Minieri, 303 F2d 550, 555-556, cert den 371 US 847; United States v Commerford, 64 F2d 28, 30-31, cert den 289 US 759).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.