Memorandum. The order of the Appellate Division should be reversed and a new trial ordered.
Following several hours of deliberation, it was announced that the jury had reached a guilty verdict on all counts. Upon polling the jury, however, it was revealed that one juror, the foreman, had not voted a guilty verdict. The court informed the jury that they would be required to deliberate further since the verdict was unacceptable for lack of unanimity. Upon the foreman’s inquiry concerning "What could be done if one or a few jurors cannot be convinced”, the court made the following remarks: "It is the intention of this court to keep its jury in session for as long as it may take to arrive at a verdict. I do not mean by that to coerce anyone but, it is *934 necessary that the facts in this case be deliberated and unless and until the court is convinced that there is no possibility whatever of a verdict being arrived at, this jury will stay in session—incommunicado, if you know what that means.” Appropriate exception was taken to this supplemental charge. The jury retired to deliberate and, shortly thereafter, returned a guilty verdict which was reported as unanimous upon a polling of the jurors.
We conclude that the court’s remarks were coercive and prejudicial, warranting a reversal of defendant’s conviction (People v Faber, 199 NY 256, 259; People v Sheldon, 156 NY 268, 285; People v Hill, 44 AD2d 813; People v Josey, 19 AD2d 660). In People v Faber (supra, p 259), this court asserted that "[i]n arriving at a verdict the judge presiding at the court must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict.” Despite this settled rule, the court here leveled a pointed threat to the jury, and in particular to the lone juror who was not convinced of the defendant’s guilt, that they would be forced to continue their deliberations indefinitely and without any outside communication. In our view, this was error requiring a new trial.
In addition, we also conclude, as did the two Appellate Division dissenters, that error was committed in the Trial Judge’s questioning of the chief defense witness and in the prosecutor’s summation remarks. The Trial Judge engaged in prolonged questioning of a defense witness during which he appeared to display an inordinate amount of skepticism in the witness’ testimony which was crucial to the defense (see People v Mendes, 3 NY2d 120, 121-122). The prosecutor’s remarks on summation were improper because he vouched for the propriety of his own conduct by injecting the integrity of the District Attorney’s office into the case and he sought to bolster the credibility of a major prosecution witness who, also, was a participant in the crime, by asserting that no "deal” had been made with the witness in consideration for his testimony against the defendant (see People v Tartaglia, 35 NY2d 918; People v Lovello, 1 NY2d 436; People v Tassiello, 300 NY 425, 430).
The prejudicial errors demonstrate clearly that the defendant was not afforded a fair trial (see People v Alicea, 37 NY2d 601; People v Sawides, 1 NY2d 554).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
*935 Order reversed, etc.