■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MARTINO, Also Known as PERICO, Appellant.—Judgment rendered November 14, 1974, in the Supreme Court, New York County, convicting appellant upon a jury verdict of criminal sale of a controlled substance in the second, third and fifth degrees and imposing concurrent indeterminate sentences of six years to life, one year to life and 5 to 10 years respectively, reversed, on the law, and the case remanded for a new trial. The three counts of the indictment charged that on January 10, 1974 appellant and one Vasquez sold a packet of cocaine to an undercover officer in Apartment 2C at 204 West 96th Street in Manhattan; that prior thereto they possessed the packet with intent to sell it; and, that they actually possessed the packet of cocaine. Trial on the indictment commenced September 19, 1974 and the case was finally given to the jury on October 3, 1974 at approximately 10:59 A.M. After earlier having taken one hour for lunch, the jury returned to the courtroom at 3:45 P.M. and announced that they had reached a verdict as to one defendant and were hopelessly deadlocked as to the other. Vasquez was acquitted on all counts and, at the direction of the court, the jury resumed or continued its deliberations regarding appellant. At 5:00 P.M. the jury was returned to the courtroom and answered in the negative when asked if they had reached a verdict. The court in the course of its remarks to the jurors informed them that they would be taken out for dinner, would return at 6:00 P.M., and, if they had not arrived at a verdict by 8 o'clock, arrangements would be made to put them up for the night. When a juror asked, "What if the jury is still hung?", the court replied, "At 8 o'clock you go to a hotel." Further, if the jury had "not arrived at a verdict it will be the Court's decision that you have not deliberated long enough". There were further remarks and the jury resumed deliberations after the dinner recess. Thereafter, apparently near 8:00 P.M., the jury returned to the courtroom and, in response to the court's question, stated they had not reached a verdict. The following dialogue ensued: "The Court: Are you any closer at arriving at a verdict? The Forelady: I think we are very close. May we have some more time? The Court: How much time do you want? The Forelady: An hour at most." The court then referred to a prior experience where the jury had deliberated until midnight and noted: "I am much too tired and I imagine you people must be tired too * * * Sworn Juror: It is certainly

worth going to a hotel without proper changes and so forth in a strange place. *[sic]* I prefer if we could possibly stay here a little longer to see if we can resolve it." The court then stated: "I will give you 15 minutes. Arrangements have been made for a bus to be downstairs and take you to a hotel. Everything has been arranged. I will give you 15 minutes, ten after eight." The jury retired and, apparently very shortly thereafter (the exact time is not noted in the record), returned with a verdict of guilty on all counts. Appellant urges, *inter alia,* that the guilty verdict was coerced by the court's threat to sequester the jury if it failed to reach a verdict within 15 minutes. Bearing in mind that appellant and Vasquez were jointly charged with the sale and possession of a single packet of cocaine and that the jury had shortly before acquitted Vasquez on the same evidence upon which it later convicted appellant, this assertion cannot be brushed aside. Moreover, the court, before accepting the verdict of acquittal as to Vasquez, and after noting that the jurors had "invested an awful lot of your time, a lot of the State's time and money," had urged the jurors to arrive at a verdict without noting there was no absolute necessity for such a determination (see *People v Sharff,* 45 AD2d 666, 667, affd 38 NY2d 751). It may fairly be concluded from the record that the further instructions and observations of the court when coupled with the 15-minute time limitation could not help but coerce the verdict *(People v Hill,* 44 AD2d 813; *People v Riley,* 20 AD2d 599). In light of the foregoing disposition it is not necessary to consider the other points raised by appellant. Concur—Stevens, P. J., Murphy, Markewich and Lynch, JJ.; Capozzoli, J., dissents in the following memorandum: I cannot agree that the trial court coerced the jury's verdict. After the court's charge the jury retired at 11:00 A.M. to deliberate. At 3:45 P.M. it informed the court that they had reached a verdict in the case of the codefendant but were "hopelessly deadlocked" in the case of the other defendant. The jury was summoned to the courtroom and the court said: "We will take your verdict as to the one defendant. As to the other defendant, I am going to ask you to go back and consider the case. Let me tell you why. This case was given to you by this Court at 10:57 in the morning, three minutes to eleven. It is now approximately 4:00 o'clock. You had one hour for lunch. You have been here with great patience and great sacrifice to yourselves for more than three weeks. You must [realize] that if it is not going to be you, it is going to be somebody else like you who is going to have to decide this case. So you have invested an awful lot of your time, a lot of the State's time and money. Therefore, I am going to ask each one of you as good citizens to come to a determination, to arrive at a verdict, to reconcile any differences you might have and to listen to each other". The jury continued its deliberations and, at 5 o'clock, it stated that it had not reached a verdict. The court then informed the jury that it would have an hour for dinner and, if no verdict were reached by 8 o'clock, the court would arrange for the jurors "to be put up over night" and said further "I will always give you the program in what direction we are taking". Upon being asked by a juror what would happen if the jury did not reach a verdict, he was told by the court that the jury would go to a hotel because, in the court's opinion, the jury had not deliberated long enough. At 7:55 o'clock the court was informed that the jury had not reached a verdict. However, the jury did state that it was very close to a verdict and would need at most an additional hour. The court was somewhat skeptical as to whether the jury could reach a verdict in that time, but, nevertheless, it gave a 15-minute extension, although a bus was waiting to take the jurors to a hotel. In giving the 15-minute extension the court said, addressing the jury: "I am too tired and I

imagine you people must be tired too. You are closed in. You have no air. It is under very difficult circumstances you are functioning and I realize that". It should be noted that there was no exception taken by the defendant to the court's statements to the jury, as he must have been of the belief that they were fair and noncoercive. While it is true that the court did stress the importance of arriving at a verdict, I do not believe that the over-all effect of the court's instructions to the jury was coercive. It is also true that, under certain circumstances, telling the jury that it might be sent to a hotel overnight can be improper, however, it is not so in this case. The Judge made it clear that he tried to keep the jurors informed of what was likely to happen in the course of the day after they had returned a verdict in the case of the codefendant. He did this for the convenience of the jurors so that they could make arrangements with their families accordingly, and one cannot reasonably spell out coercion from the Judge's statements. This same question came up in the case of *People v Sharff* (45 AD2d 666, affd 38 NY2d 751), under similar circumstances as presented in this case. The court, in the Appellate Division report (p 669), said: "The court having concluded that sequestration was in order, the jury, of course, was entitled to be apprised of that fact in advance, and indeed, it would have been inappropriate to await a later hour and then, without warning, inform the jurors of their imminent overnight stay. (Cf. *People v. Josey,* 19 A D 2d 660, 661.) As stated in *United States v. Commerford* (64 F. 2d 28, 31 [2d Cir.]) where it was also urged that it was error to tell the jurors that they would be kept overnight upon failure to reach a verdict: 'All that was said and done was intended to be of assistance to the jury and to provide for their rest during the night if they failed to agree and for their further deliberation in the morning.' " The Court of Appeals, in affirming (p 753) of its memorandum, said: "The importance of having a jury agree may be properly urged upon the attention of its members *(People v Faber, supra)* and, under the circumstances present, the mere statement, absent improper conduct, remarks or innuendos, that if they were unable to reach a verdict within a period of approximately an hour and a quarter they would be sequestered at a hotel for the night, was not improper". For the reasons stated I believe the conviction was proper and I vote to affirm.