OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
After deliberating for five hours and finding themselves unable to reach a verdict, members of the jury were instructed that unlike this "simple case, as far as the amount of evidence to be covered is concerned * * * some cases last months, but the Jury is expected to come to a verdict.” The court then noted that "sometimes a Jury can’t reach a verdict” and that a deadlock had in fact occurred recently in a more involved case where disagreement had continued into the second day of deliberations despite a night of sequestration and reflection. Reluctant to again declare a mistrial, the court summed up its supplemental charge by calling upon the jury to renew deliberations and to "make every effort possible to arrive at a verdict.”
Approximately one and a half hours later the foreman announced that the jury had reached a verdict of guilty. The defendant now contends that the trial court’s supplemental instructions were impermissibly coersive.
To be sure a Trial Judge "must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict” (People v Faber, 199 NY 256, 259). Supplemental *727 charges which prod jurors through prejudicial innuendoes or coerce them with untoward pressure to reach an agreement will not be countenanced (e.g., People v Carter, 40 NY2d 933, 934; People v Sheldon, 156 NY 268, 282).
On the other hand a trial court may properly discharge its responsibility to avoid mistrials by encouraging jurors to adhere to their oaths and make one final effort to review the evidence and reach a verdict one way or the other (People v Faber, supra, p 258). And under appropriate circumstances the availability of sequestration at a hotel for the night may also be noted as a possibility, although not as a threat (People v Sharff, 38 NY2d 751, 753).
Here, although the approach of the Trial Judge may not have been ideal, in essence he simply asked the jury to exert its best efforts and renew deliberations. No jurors were impermissibly singled out for noncompliance with the majority. None were improperly threatened, nor was it even suggested that the jury would be forced to continue deliberations indefinitely without any outside communication should agreement still elude them following a renewal of their efforts to reach a verdict. The defendant’s general objection on these points, unsupported by a timely request for an additional charge and thus only questionably preserved for review (see People v Vidal, 26 NY2d 249, 254), must therefore fail in any event on the merits (People v Sharff, supra).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.