■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY PERFETTO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered October 1, 1982, convicting him of murder in the second degree (felony murder) and robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and a new trial ordered. Defendant's trial on charges of common-law murder, felony murder, and robbery in the first degree consisted primarily of circumstantial evidence. During jury deliberations the Trial Judge received a note from the foreman informing him that one juror had a closed mind and was "not willing to make a decision in either direction, due to the fact that there was no eye witness [*sic*] or a found weapon in dispute". Upon ascertaining who the juror was, and in the presence of the two attorneys, the Judge summoned the juror into the courtroom, read the note to him, and asked him if it was true. The juror stated that he could not convict upon circumstantial evidence, but asserted that he had an open mind, and that he had told the other jurors to convince him. Upon finding that the juror's mind was not closed, the court ended the discussion. Following the readback of certain testimony and a further charge urging the jury to reach a verdict, if possible, the trial court engaged in an *in camera* discussion with the jury foreman. The jury ultimately returned with its verdict. Although defense counsel failed to object to the singling out of the juror during deliberations, we are compelled to reverse in the interest of justice. A Trial Judge must not

attempt to coerce or compel the jury to reach a verdict (see *People v Pagan,* 45 NY2d 725, 726). Although the content of the discussion at bar between the court and the subject juror was essentially neutral and did not seek to coerce the juror into accepting any particular view of the facts, the physical singling out of the juror, and the one on one confrontation between him and the Judge, presents a situation that we find to be inherently coercive and improper (cf. *People v Page,* 47 NY2d 968). Equally improper, because of the coercive effect it must naturally have had on the subject juror, was the subsequent *in camera* discussion between the jury foreman and the Trial Judge. The juror could not help but have believed that he was the subject of their conversation. This placed additional pressure on him. We note further that immediately prior to speaking with the foreman, the Judge did address the entire jury and told them to each vote his own mind. However, three times he informed them that he wanted a verdict if possible, however they voted. He noted that "if it is impossible, it's impossible". Under the circumstances, the charge should have more clearly reminded the jurors that they should not surrender their conscientiously held beliefs (*People v Ali,* 65 AD2d 513, 514, affd 47 NY2d 920). Finally, after the jury reached its verdict, but prior to sentencing, defendant made a motion to set aside the verdict on the ground that the verdict was coerced. Sworn affidavits from two jurors alleged, *inter alia,* that there was an unauthorized communication to the jury by a court officer, informing them that if they did not reach a verdict, the jury might be "locked up" over the weekend. The court denied the motion without conducting a hearing, as requested by defense counsel. Under the circumstances the court should have granted the request for a hearing to inquire into the truth of the factual averments of the alleged improprieties (see *People v Ciaccio,* 47 NY2d 431). The outright denial of the motion to set aside the verdict was improper. Titone, J. P., Gibbons, Thompson and Rubin, JJ., concur.