(February 5, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RILEY, Appellant.—Judgment of the Supreme Court, New York County (Clifford A. Scott, J.), rendered on February 5, 1985, convicting defendant, following a jury trial, of two counts of robbery in the second degree and sentencing him, as a predicate felon, to two concurrent prison terms of from 7½ years to 15 years, is unanimously affirmed.

We have carefully considered the arguments raised by defendant on appeal and find that in view of the overwhelming evidence of guilt, reversal is not warranted. However, it should be noted that the court is troubled by the supplemental instruction delivered to the jury when it was announced that the jury was deadlocked following five hours of deliberation one afternoon and several hours the next morning. In that regard, the Trial Judge informed the members of the jury that there were "some poor judges here now" and that "[i]t's a simple matter"; emphasized the expense of trying the case; explained that if this jury failed to reach a verdict, another jury would have to be selected in the same manner, and there was no reason to believe that the second jury would be any more competent to decide the matter than the first; and stated that "it's apparent that someone will not change his position one way or the other. Frankly, I could have decided this case in ten minutes. It wouldn't have taken that long for me. You believe people or you don't believe them." As the Court of Appeals has aptly held in *People v Pagan* (45 NY2d 725, 726-727): "To be sure a Trial Judge 'must not attempt to coerce or compel the jury to agree upon a particular verdict, or any verdict' *(People v Faber,* 199 NY 256, 259). Supplemental charges which prod jurors through prejudicial innuendoes or

coerce them with untoward pressure to reach an agreement will not be countenanced (e.g., *People v Carter,* 40 NY2d 933, 934; *People v Sheldon,* 156 NY 268, 282)."

The supplemental charge at issue herein is not regarded with favor by this court since it is coercive and otherwise prejudicial. It seems significant, however, to point out that after the supplemental instructions, the jury resumed its deliberations at 11:30 A.M. and continued to deliberate until it reached a verdict at 3:15 P.M. Under these circumstances, it seems fairly clear that the jury was not rushed into a hasty determination by the Judge's instructions. If the evidence of defendant's guilt were less clear-cut, reversal of his conviction might well have been mandated notwithstanding the failure of defense counsel to object at trial to the disputed instruction. Concur—Murphy, P. J., Carro, Asch, Milonas and Rosenberger, JJ.