(April 14, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY STOKES, Appellant.—Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered January 9, 1987, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of imprisonment of 7½ to 15 years, is unanimously affirmed.

While we are troubled by some portions of the supplemental instructions the court gave to the jury after being advised that it could not reach a verdict, it is clear, under the facts of this case, that the instructions lacked a coercive effect, since the jury continued to deliberate for over six hours before rendering its verdict, which we find is amply supported by the evidence. Accordingly, we affirm the judgment of conviction, but write to point out those portions of the instructions which were inappropriately given.

Characterizing a case as "a very simple case" can have the effect of embarrassing the jury for not having already reached a verdict and is an inappropriate statement for the court to make. (See, People v Mabry, 58 AD2d 897.) Also improper was the court's comment that it infrequently experienced hung juries. As we recently stated in People v King (136 AD2d 475, 476-477), "the court's pride in its reputation for not having deadlocked juries is not an appropriate consideration to be presented to jurors".

Finally, and most disturbing of all, was the court's statement that "if you have a * * * reasonable doubt * * * don't go in with a closed mind". This statement improperly singled out only those jurors leaning towards acquittal. We have held before that any instructions telling the jurors to attempt to reconcile their views must be addressed to all the jurors, not just to a minority of jurors or to those leaning towards acquittal. (People v Robinson, 84 AD2d 732, 733.)

The effect of these statements, however, must be viewed in light of other statements made to the jurors that they should take as much time as needed to render a verdict, that they need not reach a verdict and that they should not surrender their consciences. Taken together with the fact that the jury did deliberate for six additional hours, we have concluded that this jury was not coerced into rendering its verdict. (Cf., People v Cartagena, 76 AD2d 601, 601-602 [guilty verdict rendered 30 minutes after court told jurors that they could have decided case in 5 minutes].) Accordingly, we affirm this conviction. Concur—Murphy, P. J., Sandler, Carro, Rosenberger and Smith, JJ.