◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL AGOSTO, Appellant.

Police officers responded to the scene of a fire in order to remove the defendant's automobile which was interfering with the work of the firefighters. The defendant refused to display his license and registration, became agitated, and pushed a police officer. Physical force was used to subdue the defendant who was handcuffed and placed in a police vehicle. While being transported to the precinct, the defendant was observed pulling a gun from the waistband of his pants and it was wrestled away from him. A subsequent search of the defendant at the precinct revealed three packets of cocaine.

In defense of the charge of criminal possession of a weapon in the third degree, the defendant contended that the weapon was not in his possession but, rather, was already on the back seat of the police car in which he was placed by the police officers. The defendant contended that the police officers fabricated his possession of the gun as part of a continuing course of harassment which began when they first responded to the scene of the fire.

Given the testimony presented by the defense, the People were properly allowed to call, as a rebuttal witness, a Battalion Chief in the New York City Fire Department who was supervising the firefighting operations. His testimony that he did not see the police officers strike the defendant at the scene of his arrest was directly relevant to the defense of fabrication *(see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Medina,* 130 AD2d 515, *lv denied* 70 NY2d 715).

We find that the trial court did not improperly interfere with the proceedings. The court's questioning of a police officer was an isolated occurrence and was merely for the purpose of clarifying confusing testimony. Although it was

improper for the court to suggest to the prosecutor that a certain witness be called (see, People v Yut Wai Tom, 53 NY2d 44, 57), that error was harmless. The witness's testimony concerned a fact which was never in issue at trial and could not have influenced the jury's verdict.

The defendant also contends that the trial court's failure to respond to a note from the jury resulted in a coerced verdict. Although the court was under an obligation to respond (see, CPL 310.20), in this case the failure to do so did not prejudice the defendant (People v Lourido, 70 NY2d 428). Since the verdict was reached within a short time after the note was sent and responses to other jury notes had often been delayed, it cannot be said that the jury and the verdict were affected by the court's silence.

The defendant's claim with respect to the Allen charge is unpreserved for appellate review. In any event, the supplemental charge was essentially neutral, generally conformed to the requirements of Allen v United States (164 US 492), and was, therefore, proper (see, People v Pagan, 45 NY2d 725; People v Perfetto, 96 AD2d 517).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Rubin and Harwood, JJ., concur.