■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE TOWNES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 23, 1987, convicting him of criminal possession of stolen property in the first degree and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the jury was charged on the law, it began its deliberations at 2:00 P.M. on January 28, 1987, and deliberations

continued until 7:00 P.M. at which time the trial court informed the jurors that it was sending them to dinner and a hotel and that deliberations would resume the following morning. The jurors, however, advised the court that they were close to a verdict and requested additional time to deliberate. The Judge acceded to their request. The Judge then told the attorneys (outside the jurors' presence) that, if the jury did not reach a verdict by 7:30 P.M., he would sequester them. At 7:28 P.M., the jurors sent out a note requesting the rereading of the elements of one of the crimes for which the defendant was charged, and stated that with this clarification, they felt that they could reach a verdict. The Trial Judge informed the jurors that he did not want to "push" them, to which a juror replied "We are not being pushed". After receiving the requested instruction, the jury continued deliberating until 8:10 P.M., at which time the Judge directed his court officer to gather the jurors so that he could send them to dinner and the hotel. When the court officer returned from the jury room, he informed the Judge that the jurors had requested a few more minutes because they were in the process of voting. Shortly thereafter, the jury returned with its verdict. The trial court then polled the jury to determine whether any of the jurors had felt pressured into reaching a verdict. All replied that they had not.

Under the circumstances we find that the trial court did not improvidently exercise its discretion in allowing the jury to continue its deliberations (see, People v Presley, 22 AD2d 151, affd 16 NY2d 738). The record does not indicate that the Trial Judge attempted to coerce or compel the jury verdict (see, People v Sharff, 45 AD2d 666, affd 38 NY2d 751; cf., People v Carter, 40 NY2d 933; People v Perfetto, 96 AD2d 517; People v Martino, 56 AD2d 799). On the contrary, the jurors never asked to be discharged, never stated that they were tired and never indicated that an agreement would be impossible even after further deliberations. Rather, they asked the court for advice, for further instruction on the law, for the rereading of certain testimony and for additional time to deliberate (see, People v Presley, supra).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Although, the testimony introduced on behalf of the defendant conflicted

with that presented on behalf of the People, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.