■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WALTER JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered March 28, 1985, convicting him of manslaughter in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree (recklessly causes death, Penal Law § 125.15 [1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Further, we are unpersuaded by the defendant's contention that the trial court's statement in its supplemental instructions that "in most cases absolute certainty cannot be expected" amounted to coercion of a verdict. This phrase is neutral and nonprejudicial and is in fact typically used by courts to explain what is meant by proof beyond reasonable doubt in a criminal case. Also, when the entire supplemental charge is examined, the phrase objected to was merely one of several points made by the trial court which fairly and properly discharged its responsibility to avoid a mistrial by encouraging the jurors to adhere to their oaths and make an effort to review the evidence and reach a verdict one way or the other *(People v Pagan,* 45 NY2d 725, 727; *see also, People v Page,* 47 NY2d 968). Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.