THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT T. MEEKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered April 27, 1984, convicting him of rape in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends, *inter alia,* that he was deprived of his right to a fair trial when the court permitted the jury to continue to deliberate, despite the defendant's request that the jury be sequestered for the night because of the late hour. We disagree.

The record demonstrates that the jury commenced deliberations at approximately 8:30 P.M. and requested a partial recharge at 12:16 A.M. After consulting with counsel, the trial court determined that it would provide the jury with the choice of continuing deliberations or being sequestered for the night. Upon being given this choice, the foreman of the jury indicated that the jurors wished to continue their deliberations. The court then read back the requested instructions, and the jury returned with its verdict at 1:04 A.M. Contrary to

the defendant's position, the mere lateness of the hour or length of the jurors' day does not establish that the resulting verdict was coerced *(see, e.g., People v Crandall,* 45 NY2d 851). Moreover, there is no evidence that the court's actions coerced or compelled the verdict, nor is there any suggestion that the jurors were fatigued or unwilling to continue their deliberations *(see, People v Crandall, supra; People v Townes,* 141 AD2d 876). Accordingly, the court did not improvidently exercise its discretion in acceding to the jurors' wishes and permitting further deliberations.

The defendant's remaining contention has not been preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]), nor is review of the contention in the interest of justice warranted under the circumstances of this case. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.