■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered November 29, 1988, convicting him of criminal possession of a weapon in the third degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a loaded revolver and resisting arrest based on the testimony of a New York City Housing Authority Police Officer who observed and immediately apprehended him at the scene of the crime outside of an apartment house in Queens County.

The defendant contends that the trial court coerced the jury into reaching a verdict through an unbalanced supplemental charge. On the second day of deliberation, the jury sent a note to the Trial Judge which indicated that it was deadlocked 11 to 1 for conviction. The trial court then gave the supplemental charge in question.

The lengthy supplemental charge, taken as a whole, was addressed to the jurors in general, asking them to exert their best efforts and renew deliberations (People v Pagan, 45 NY2d 725). Although the court's reference to a juror with a reasonable doubt may not have been ideal, the reference was sufficiently fleeting and vague so as not to disturb the over-all neutrality and lack of coercion of the charge (see, People v Jones, 148 AD2d 750; People v Stokes, 139 AD2d 428; People v

*Eley,* 121 AD2d 462). Furthermore, any alleged coercion in the charge did not result in a precipitous jury verdict since the record shows the jury continued to deliberate and subsequently sought instructions on an additional element of the crime *(see, People v Nieves,* 124 AD2d 603, 607; *People v Riley,* 127 AD2d 458).

We have considered the defendant's contentions regarding the excessiveness of sentence and find them to be without merit. Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.