■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RAMOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered July 6, 1989, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the jury improperly credited the identification testimony of an undercover police officer. However, resolution of issues of credibility are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Upon the

exercise of our factual review power (CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence. The officer had sufficient opportunity to observe the defendant and the jury was entitled to credit his identification testimony.

The defendant's claim that the officer's confirmatory viewing of the suspects at the station house was an improper identification procedure is not preserved for appellate review (CPL 470.05 [2]) and, in any event, is without merit. Such a confirmatory viewing was "sufficiently connected [with] and contemporaneous to the arrest as to constitute the ordinary and proper completion of an integral police procedure" *(People v Wharton,* 74 NY2d 921, 922-923) and was not unduly suggestive *(see also, People v Morales,* 37 NY2d 262; *People v Marte,* 163 AD2d 614; *People v Connor,* 137 AD2d 701, 702).

The trial court did not coerce a verdict when it informed the jurors that the time required for dinner would preclude further deliberations that evening *(see, People v Meekins,* 154 AD2d 404, 405).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.