■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO MORALES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered September 7, 1990, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the jury's deliberations, defense counsel discovered a note in the courtroom which indicated that the foreperson of the jury had asked a court officer how late the jury would deliberate at courthouse. According to this note, the court officer responded that he did not know. After defense counsel discovered this note, he showed it to the prosecutor and left the courtroom to explain the situation to his Legal Aid Supervisor.

When defense counsel returned to the courtroom, the note could not be located. However, defense counsel informed the court of the note's contents and requested an inquiry into whether or not the jury had any improper communication with a court officer. The court denied defense counsel's request.

On appeal, the defendant argues that reversible error took place when the court refused to conduct an inquiry to clarify the extent of the communication between the court officer and the jury. We disagree. Since the alleged communication between the court officer and the jury related to purely administerial matters (see, People v Bonaparte, 78 NY2d 26; People v Ford, 78 NY2d 878), we find that the court was not required to conduct an inquiry into that communication (cf., People v Ciaccio, 47 NY2d 431; People v Perfetto, 96 AD2d 517). Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.