■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CATOE, Appellant. [615 NYS2d 288] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated March 30, 1992 *(People v Catoe,* 181 AD2d 905), affirming a judgment of the Supreme Court, Kings County, rendered February 9, 1989, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Mangano, P. J., Thompson, Bracken and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAE KIM, Appellant. [615 NYS2d 288] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 13, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record reveals that the trial court did not relinquish control over the jury deliberations, thereby depriving the defendant of his right to a proper trial by jury *(cf., People v Ahmed,* 66 NY2d 307, *rearg denied* 67 NY2d 647). The trial court's statements, which merely informed the jurors in an impartial and neutral manner that they would be sequestered for the evening, did not constitute, under the circumstances present, an attempt to coerce or compel the jury to reach a prompt verdict *(see, People v Pagan,* 45 NY2d 725; *People v Sharff,* 38 NY2d 751).

We find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.