■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ENGLISH, Appellant. [627 NYS2d 105] —Spain, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered July 15, 1992, upon a verdict convicting defendant of the crimes of robbery in the first degree and murder in the second degree (two counts).

In the early evening hours of July 9, 1990, defendant met with Chao McBride and Anthony Washington at Mary Fendick's apartment. The trio planned to call a cab and then rob the driver. Defendant presented a duffel bag to the group containing a gun, a knife and a pipe. Michael Zembek was the driver of the cab which responded to the call. McBride has admitted that during their ride to the requested destination he asked Zembek to pull the cab to the side of the road and proceeded to strike Zembek with the pipe. Zembek was then shot seven times and killed. At trial McBride testified that after he struck Zembek with the pipe he exited the cab and was followed by Washington. At the time he and Washington were running from the cab McBride heard shots being fired; although he did not see the actual shooting, McBride testified that defendant and Zembek were the only remaining occupants of the vehicle when the shots were fired. Fendick and Carla Guidici, a girlfriend of defendant, both testified that defendant was very upset when he returned to Fendick's apartment late in the evening of July 10, 1990.[1] Guidici

---

1. Defendant was arrested in December 1991 in New York City under the assumed name of Melvin Mendoza.

testified that defendant told her he had shot Zembek. Mc-Bride, Fendick and Guidici received prosecution offers of leniency for testifying at defendant's trial. Defendant testified that he exited the cab before the murder occurred and returned to Fendick's apartment. Defendant also testified that McBride admitted to being the shooter. On cross-examination the People asked defendant if he had spoken to a person named Robert Ray about this case.[2]

After a jury trial, defendant was convicted of one count of robbery in the first degree, felony murder in the second degree and intentional murder in the second degree. Defendant was sentenced to concurrent terms of imprisonment of 25 years to life on each murder conviction and an indeterminate term of imprisonment of 8⅓ to 25 years for the robbery conviction. The sentence for the robbery conviction is concurrent with the terms imposed on the murder counts. Defendant appeals.

Defendant now contends that County Court erred in denying defendant's request for a missing witness charge in regard to Ray. To justify a missing witness charge it must be shown that: "the uncalled witness is knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called [the witness], and that the witness is available to such party" *(People v Gonzalez,* 68 NY2d 424, 427 [citations omitted]). There is no evidence in the record of the contents of the alleged conversation with Ray as the prosecution only asked a few questions regarding the conversation, which defendant testified never took place. That fact, coupled with the absence of Ray's alleged sworn statement, show a failure on defendant's part to satisfy the first prong set forth in *People v Gonzalez (supra).* County Court properly charged the jury that attorneys' questions are not to be considered evidence, and if all that the jury heard on an issue is a question by an attorney, there is no evidence on that issue.

Defendant's further contention that County Court coerced a verdict by indicating to the jury that the jury may be sequestered overnight is without merit. The record indicates that at 11:20 P.M., after nearly 8½ hours of deliberation, County Court, during an answer to a jury question, inquired as to the necessity for accommodations for the evening or whether a verdict may be reached in the next hour or so; the jury

---

2. Robert Ray was a cellmate of defendant after the murder; Ray also agreed to testify after the prosecutor's offer of leniency in his case.

arrived at a verdict 19 minutes later. County Court's inquiry was proper given the late hour and its concern for the jury's well-being, and cannot be characterized as prodding or coercion (see, People v Sharff, 45 AD2d 666, affd 38 NY2d 751).

In reviewing a claim of ineffective assistance of counsel, the focus is whether the defendant received meaningful representation; it is inappropriate to second-guess the attorney's legitimate strategic and tactical decisions (see, People v Baldi, 54 NY2d 137, 147; People v Strempack, 134 AD2d 799, 800, affd 71 NY2d 1015). A review of the trial record in this case evinces a vigorous defense presented by defense counsel beginning with his opening statement through his closing argument. There was also appropriate cross-examination of the prosecution witnesses.

Defendant's assertions that, inter alia, his counsel suffered from personal and professional problems, failed to file pretrial disclosure requests and failed to call witnesses found in police reports to whom McBride confessed to committing the killing, are all outside the record on appeal. In this regard, defendant's proper remedy is to bring a CPL article 440 motion to develop the record on these issues (see, People v Williams, 140 AD2d 969, 970). A careful review of the trial transcript as a whole reveals that defendant was not denied the effective assistance of counsel.

Finally, in light of the circumstances of this case, defendant's sentence, which is within the statutory guidelines, should not be disturbed (see, People v Simoens, 159 AD2d 818, 820, lv denied 76 NY2d 743).

Mikoll, J. P., Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.