■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARTH SMYTHE, Appellant. [628 NYS2d 526] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered January 11, 1993, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11635/90, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (O'Dwyer, J.), also rendered January 11, 1993, convicting him of attempted criminal sale of a controlled substance in the third degree under Indictment No. 10957/90, upon his plea of guilty, and imposing sentence.

Ordered that the appeals are held in abeyance, and the matter is remitted to the Supreme Court, Queens County, for a reconstruction hearing to determine whether the defendant was present at a Sandoval hearing conducted on October 21, 22, and 26, 1992. The Supreme Court, Queens County, is to file its report with all convenient speed.

Because the record is unclear as to whether the defendant was present during the Sandoval hearing held on October 21, 22, and 26, 1992, and because the decision rendered was not "wholly favorable" to the defendant, the matter must be remitted to the Supreme Court for a reconstruction hearing to determine the issue (see, People v Michalek, 194 AD2d 568, affd 82 NY2d 906; People v Odiat, 82 NY2d 872; People v Favor, 82 NY2d 254; People v Dokes, 79 NY2d 656; People v Parchment, 203 AD2d 595; People v Farrell, 201 AD2d 665).

We reach no other issues at this juncture. Mangano, P. J., Joy, Hart and Florio, JJ., concur.