■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PAGAN, Appellant. [634 NYS2d 404] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered May 5, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the hearing court erred by denying suppression of the drugs and the gun that were recovered from his automobile at the time of his arrest on the ground that the police lacked probable cause to arrest him *(see, People v Manuli,* 156 AD2d 388; *People v Claudio,* 64 NY2d 858). In any event, we find no error in the hearing court's conclusion that the arresting police officer had probable cause to arrest the defendant and search his vehicle *(see, People v Galak,* 81 NY2d 463; *People v Rosario,* 78 NY2d 583; *People v Blasich,* 73 NY2d 673;

*People v Belton,* 55 NY2d 49; *People v Bonilla,* 199 AD2d 519; *People v Fulton,* 189 AD2d 778).

In addition, the defendant has failed to preserve for appellate review the issue of the legal sufficiency of the evidence *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Tomlinson,* 199 AD2d 352; *People v Jones,* 186 AD2d 681; *People v Ramos,* 181 AD2d 837; *People v Vickers,* 177 AD2d 608). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

The sentence that was imposed is not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.