■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARTH SMYTHE, Appellant. [635 NYS2d 284] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (O'Dwyer, J.), both rendered January 11, 1993, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 11635/90, upon a jury verdict, and attempted criminal sale of a controlled substance in the third degree under Indictment No. 10957/90, upon his plea of guilty, and imposing sentences. By decision and order dated June 12, 1995, this Court remitted the matter to the Supreme Court, Queens County, to hear and report on whether the defendant was present at a *Sandoval* hearing conducted on October 21, 22, and 26, 1992 (*see, People v Smythe*, 216 AD2d 424). The Supreme Court, Queens County, has now filed its report.

Ordered that the judgments are affirmed.

At the reconstruction hearing, both the prosecutor and the defense counsel testified that the defendant was in fact present during the *Sandoval* hearing. Accordingly, the defendant's contentions to the contrary are unavailing.

The trial court did not improvidently exercise its discretion by permitting a detective to testify generally as to what a buy and bust operation is and what the police officers' roles are in such an operation, as it assisted the jury in understanding their testimony with respect to this operation and their actions leading up to the defendant's arrest (*see, People v Kane*, 207 AD2d 846; *People v Williams*, 204 AD2d 183).

Moreover, the record reveals, contrary to the defendant's contention, that the trial court's statements, which merely informed the jurors in an impartial and neutral manner that they would be sequestered for the evening, did not constitute, under the circumstances, an attempt to coerce or compel the

jury to reach a prompt verdict (*see, People v Pagan*, 45 NY2d 725; *People v Sharff*, 38 NY2d 751; *People v Kim*, 206 AD2d 540).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Joy, Hart and Florio, JJ., concur.