THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
VINCENT ZUZIELA, Appellant.

Third Department, December 29, 1983

APPEARANCES OF COUNSEL

*Colin Kenneally* for appellant.

*Sol Greenberg, District Attorney (John P. M. Wappett* of counsel), for respondent.

OPINION OF THE COURT

MAIN, J.

Defendant was indicted on two counts of coercion in the first degree and two counts of unlawful imprisonment in the first degree. The indictment arose out of an incident which occurred on July 12, 1981 at the Rustic Cabin, a bar in the Town of Rensselaerville, Albany County. The record reveals that defendant and one Larry Guarino were at the bar in the afternoon, but defendant left, claiming that he was tired and was going home. Guarino remained and drank steadily throughout the afternoon. Around 8:00 P.M., Guarino approached a woman patron and eventually became abusive to her. Two men in the bar, David Pethick and his companion Frank Davis, came to the woman's aid and began heatedly arguing with Guarino. There was no physical altercation at this time, however, and Guarino eventually left the bar.

Shortly thereafter, Guarino returned to the bar accompanied by defendant. According to at least three witnesses, Guarino had a handgun and ordered Pethick and Davis to place their hands on the bar, which they did. Guarino directed defendant to frisk Pethick and Davis, but testimony reveals that only Pethick was searched. The State Police were called but before they arrived, Guarino and defendant were persuaded by others in the bar to leave. Guarino and defendant returned to the bar's parking lot, at which time the State Police arrived and arrested them. No handgun was recovered from Guarino or defendant or found after a search of Guarino's house and car; however, a holster and ammunition were discovered at the house and the cylinder of a handgun and ammunition were found in the trunk of a car.

Guarino was indicted on the same counts as defendant, but the case against him was apparently dismissed following his death by stabbing. Defendant was convicted after a jury trial of coercion in the first degree as against Pethick,

but was acquitted of coercion in the first degree as against Davis, as well as of the unlawful imprisonment counts. Defendant was sentenced to an indeterminate term of imprisonment of 2⅓ to 7 years and this appeal followed.

■ We first reject defendant's claim that County Court erred in failing to charge coercion in the second degree as a lesser included offense of coercion in the first degree. A lesser included offense need be charged only when there is a reasonable view of the evidence to support guilt on the lesser count and acquittal on the greater (see, e.g., CPL 300.50; *People v Glover,* 57 NY2d 61, 63). In this case, the personal injury which was allegedly threatened by Guarino was particularly heinous, involving being shot by a gun, and, thus, his action constituted coercion in the first degree (see *People v Discala,* 45 NY2d 38, 41; *People v Eboli,* 34 NY2d 281, 287). The mere fact that no gun was found, which would arguably afford a view of the evidence supporting the unusual nonheinous circumstances covered by coercion in the second degree (see *People v Discala, supra,* p 43), is an insufficient basis to conclude that in fact no gun was involved. This is particularly true in light of the unimpeached testimony of three witnesses that Guarino held a handgun on Pethick and Davis and ordered them to do certain acts while they were so threatened, the fact that a holster, ammunition and handgun cylinder were found among Guarino's possessions, and the circumstantial evidence that defendant intentionally aided Guarino (see Penal Law, § 20.00). With these facts prevailing, a finding by the jury that Guarino had no handgun would have been unreasonable and speculative and a charge on the lesser included offense of coercion in the second degree was, therefore, not permissible under such circumstances (see *People v Scarborough,* 49 NY2d 364, 371). We also find no merit to defendant's contention that harassment should have been charged as a lesser included offense, for harassment requires an element of intent (see Penal Law, § 240.25) which is not present in coercion in the first degree (Penal Law, § 135.65). Accordingly, one could commit coercion in the first degree and not concomitantly, by the same conduct, commit harassment (see CPL 1.20, subd 37; *People v Glover, supra*).

Defendant also claims that the verdict was inconsistent in that he was acquitted of coercion in the first degree as against Davis but convicted of that crime as against Pethick, although the charges arose from the same operative facts. The People, relying on *People v Tucker* (55 NY2d 1), argue that the verdicts are not inconsistent because County Court's charge emphasized the difference in the coercion counts involving Pethick and Davis, i.e., the frisk of Pethick but not of Davis, and thereby provided a basis to distinguish the verdicts. Our review of the charge, however, convinces us that the minor addition cited by the People concerning the search of Pethick would not have been understood by the jury as an additional element so as to distinguish the two coercion counts, particularly in light of County Court's charge that "the law with respect to [the second count] will be exactly the same as the law with respect to the first count".

Our difficulty in resolving this issue is based on our review of the trial transcript, which reveals that both victims responded to the threats in the same manner and, thus, if one was coerced, then both were coerced. In *Tucker* (*supra,* p 7), however, the Court of Appeals held that a claim of inconsistent verdicts must be resolved by reviewing: "the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered". Thus, the broad language of *Tucker* limits our review on the inconsistent verdict claim to the jury charge to discern whether the verdicts are inherently inconsistent in light of the elements of the crimes charged. The jury charge herein instructed that the elements of the crimes were the same, but noted that there were different victims. Thus, the verdicts can be harmonized because the jury could have perceived, based on the jury charge rather than the facts deduced at trial, that one victim was coerced and the other was not. Viewed in this way, the conviction need not be reversed because acquittal on the coercion

charge as to Davis was not conclusive as to the elements of the coercion charge as to Pethick. This conclusion is further supported by recognizing that the jury's exercise of its authority to be lenient and show mercy may explain what otherwise appears to be an inconsistent verdict (see *Dunn v United States,* 284 US 390, 393-394; *People v Tucker, supra,* p 7; *People v Berkowitz,* 50 NY2d 333, 346; see, also, *Barry v Manglass,* 55 NY2d 803, 810 [FUCHSBERG, J., dissenting]). We add that the inconsistency in *Tucker,* which involved a multicount indictment charging several different crimes, some of which had overlapping elements which were claimed to be negated by acquittal on certain counts, is distinguishable from the inconsistency in this case, which involves different victims of the same crime which arose from a single course of events, and it may be that the *Tucker* rationale is less appropriate herein. Nonetheless, the broad language of *Tucker* and the failure of the Court of Appeals, since *Tucker,* to address the merits in a case similar to the instant one (see *People v Satloff,* 82 AD2d 896, affd 56 NY2d 745) require us to adhere to the approach delineated in *Tucker* and employed herein.

We have reviewed defendant's other claims of error and find them without merit. The charge on defendant's possible culpability as an accomplice made clear that defendant could not be convicted by mere presence at the crime scene. The evidence of Guarino's conduct prior to his and defendant's return to the bar was relevant and material as a possible motive for the subsequent acts of Guarino and defendant, his companion and alleged accomplice. The resolution of defendant's *Sandoval* motion (34 NY2d 371) reveals that County Court exercised its discretion, which was not abused, by excluding questioning about at least one youthful offender adjudication and by permitting questioning about the underlying circumstances of only certain prior crimes. Finally, the sentence cannot be deemed an abuse of discretion which requires modification.

The judgment should be affirmed.

SWEENEY, J. P., CASEY, MIKOLL and LEVINE, JJ., concur.

Judgment affirmed.