■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RAMOS, Appellant.—Judgment, Supreme Court, New York County (James J. Leff, J.), rendered November 28, 1983, which convicted defendant of murder in the second degree and sentenced him to a prison term of 25 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.

In this felony murder case, the People candidly concede that the court's supplemental charge to the jury was inaccurate and requires reversal and a new trial.

The victim was shot and killed after he surprised defendant,

who was in the process of burglarizing the victim's apartment. Shortly thereafter, the victim's wife entered the apartment and struggled with the defendant. The defense theory was that the wife, whose testimony was inconsistent, accidentally fired the fatal shot.

The jury, troubled with the issue of causation, asked the court: "We would like clarification of the point cause the death of in the course of burglary. Does cause of death require that the defendant actually inflict death on the deceased? Or can the defendant be considered to have caused the death by his presence there as a burglar?"

The court replied that "if you believe that the defendant set in motion a chain of circumstances that resulted in the death of [the victim] and you find that the death of [the victim] did not result from any separate unrelated reasons, then the cause of death would be a chain of circumstances that were set in motion by the conduct of the defendant * * * if you find the defendant * * * engaged in conduct which set in motion a chain of circumstances and that chain of circumstances resulted in death, then the elements of the crime have been satisfied if you find beyond a reasonable doubt that that is so."

The jury, in effect, asked whether it could find defendant guilty without reaching the question of who actually fired the fatal shot. The court's instruction freed the jury to convict defendant without reaching the critical issue.

An essential element of the felony murder statute is that in furtherance of the designated crime or immediate flight therefrom, the defendant or another participant causes the death of the victim, a person other than one of the participants. (Penal Law § 125.25 [3].) Our courts have long held that the defendant or another participant must actually commit the homicidal act for the defendant to be guilty of felony murder. *(People v Wood*, 8 NY2d 48.)

The court's charge allowed for a finding of guilt without the jury's deciding this necessary element. Accordingly, the conviction should be reserved and a new trial ordered. Concur—Sullivan, J. P., Carro, Fein, Kassal and Ellerin, JJ.