■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY F. SCHMID, Appellant.—Main, J.

Defendant was charged with burglary in the third degree and petit larceny arising from an incident on June 16, 1985 whereby he entered a neighbor's garage and removed a pair of bolt cutters. Defendant's primary defense at trial was that he

was borrowing the bolt cutters, pointing out a history of borrowing tools between his family and the neighbor's family. The jury found defendant not guilty of burglary in the third degree, but guilty of the lesser included offense of criminal trespass in the third degree and of petit larceny.

On this appeal, defendant's primary challenge to his conviction is that County Court erred in permitting witnesses to testify as to certain statements he made. Defendant apparently informed both the neighbor's son and the arresting officer that he intended to use the bolt cutters at the Watervliet Rod and Gun Club. He contends that admission of these statements constituted admission of evidence of an uncharged crime which was highly prejudicial to defendant and irrelevant with regard to the elements of the crimes charged. We note first that this is not strictly speaking, a *Molineux* issue *(see, People v Molineux,* 168 NY2d 264). Under the doctrine of that case, evidence of uncharged crimes is not admissible if its sole purpose is to show the defendant's criminal disposition; however, such evidence will be admissible if it is relevant to another issue in the case and if its value outweighs the potential for prejudice *(see, People v Allweiss,* 48 NY2d 40, 46-47). Here, no crime ever occurred at the gun club; thus, the evidence is not specifically evidence of an uncharged crime.

Whether or not *Molineux* is applicable to this case, we are of the view that defendant's statements were relevant to the People's proof of the charge of petit larceny, and thus were properly admitted. Petit larceny requires, as one of its elements, an intent to deprive an owner of his property (Penal Law §§ 155.05, 155.25). This element was a primary issue in this trial, since defendant contended that he was borrowing the bolt cutters and did not intend to deprive his neighbor of them. Defendant's projected use of the bolt cutters thus was relevant in making a determination of whether the People demonstrated that defendant intended to deprive the owner of the property. While we note that defendant's projected use of the bolt cutters does not conclusively establish an intent to deprive, we believe that the probative value of the evidence outweighed the potential for prejudice to defendant, especially in light of the fact that defendant did not commit a crime at the gun club.

Likewise, we find unavailing defendant's assertion that the jury's verdict was inconsistent. Such an inconsistency may only be found in those instances where an acquittal on one charged crime is conclusive as to a necessary element of another charged crime for which a guilty verdict was rendered

*(People v Tucker,* 55 NY2d 1, 7). Review is thus limited to an examination of the jury charge to determine whether the verdicts are inherently inconsistent in light of the elements of the crimes charged *(see, id.; People v Zuziela,* 98 AD2d 161, 164). Here, the elements of burglary, for which defendant was acquitted, are not inherently inconsistent with the elements of either crime for which defendant was convicted. The fact that defendant may have been found to have no intent to commit a crime at the time he entered his neighbor's garage does not negate the possibility that defendant subsequently took the bolt cutters with an intent to deprive the owner of them.

Reviewing the evidence in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), we find that the People proved defendant's guilt beyond a reasonable doubt. With respect to the charge of criminal trespass in the third degree, testimony established that defendant was actually seen exiting the neighbor's garage, and the garage clearly was a "building" within the meaning of Penal Law § 140.10. With respect to the charge of petit larceny, defendant's defense that he was merely borrowing the bolt cutters was countered by his neighbor's testimony that defendant was required to obtain permission from him before borrowing tools and did not do so on this occasion and by the neighbor's son's testimony that he told defendant to obtain permission from his father to borrow the bolt cutters. This was sufficient to disprove defendant's defense.

We finally note that, although defendant did not object at the time of sentencing, County Court erred in imposing consecutive, rather than concurrent, sentences for defendant's convictions *(see,* Penal Law § 70.25 [2]). Defendant's sentences therefore should be modified so as to run concurrently.

Judgment modified, on the law, by directing that defendant be sentenced to concurrent terms of imprisonment, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.