■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CASTRO, Also Known as LOUIS TORRES, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered May 22, 1985, convicting him of murder in the second degree, attempted

murder in the second degree, robbery in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The complainant testified that the defendant entered his grocery store, pointed a handgun at his head, threatened to shoot him, and took two gold chains from him. A bystander, who was a co-owner of the complainant, testified that, as the defendant left the grocery store, he fired at least two shots at the bystander and the man standing next to the bystander (hereinafter the victim). After the victim fell, fatally wounded, the bystander took the victim's gun from his waistband and shot back at the defendant with it. Security officers, who heard the shots, pursued the defendant who fled holding a gun in his hand. Within minutes of the shooting, the defendant was apprehended by the security officers who ordered him to drop his gun. The security officers turned the gun over to the police and subsequent ballistics tests showed that the gun the security officers had seized fired the fatal bullet.

The defendant testified that while he committed the robbery, he had carried only a toy gun, which he lost as he fled, and that the gun which fired the fatal bullet was dropped by the bystander at the place where the defendant was apprehended by the security officers. According to the defendant, the security officers incorrectly concluded that the gun they recovered was his gun. The jury was entitled to credit the testimony of the People's witnesses and reject the testimony of the defendant. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that the trial court's felony murder charge did not require the jury to determine whether the bullet which caused the victim's death came from a gun fired by the defendant. The felony murder charge specifically indicated that the defendant was accused of shoot-

ing the victim with a pistol, thereby causing his death. Accordingly, the court's subsequent references to the causation issue would have been understood by the jury as meaning that they must find that the defendant caused the victim's death by shooting him *(see, People v Wood,* 8 NY2d 48; *People v Ramos,* 116 AD2d 462; *People v Guraj,* 105 Misc 2d 176). In any event, the defendant's position was made abundantly clear through the efforts of defense counsel on summation *(see, People v Little,* 98 AD2d 752, *affd* 62 NY2d 1020) and the jury's verdict of guilty on the charges of criminal possession of a weapon in the second degree (Penal Law § 265.03) and robbery in the first degree (Penal Law § 160.15 [1], [2]), make clear that the jury rejected the defendant's toy gun defense and found that he had fired the shot which killed the victim.

We further find that the conviction for attempted murder of the bystander is not repugnant to the acquittal for the intentional murder of the victim, since the elements of the two counts, as charged to the jury, were not the same *(see, People v Green,* 71 NY2d 1006; *People v Tucker,* 55 NY2d 1, *rearg denied* 55 NY2d 1039; *People v James,* 112 AD2d 380; *People v Zuziela,* 98 AD2d 161, 164-165; *see also, People v Satloff,* 82 AD2d 896, *affd on other grounds* 56 NY2d 745, *rearg denied* 57 NY2d 674).

We have considered the defendant's additional contentions and find them to be without merit. Lawrence, J. P., Weinstein, Spatt and Balletta, JJ., concur.