■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. BENYI, Appellant.—Mercure, J. Appeals (1) from a judgment of the County Court of Broome County (Monserrate, J.), rendered March 18, 1988, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and sexual abuse in the first degree, and (2) by permission, from an order of said court, entered October 4, 1988, which denied defendant's motion pursuant to CPL 440.10 to vacate said judgment of conviction, without a hearing.

Defendant was charged in a seven-count indictment with a number of sex offenses as a result of an incident which occurred during the late afternoon hours of April 27, 1987. Defendant first approached the victim at a yard sale she was conducting, purchased some items and requested that the victim help carry the items across the street to his apartment. The victim testified that once inside the apartment, defendant locked the door, grabbed her by the hair, dragged her into the bedroom and forcibly subjected her to a variety of sexual acts. Neighbors, hearing screams, called the police, who were dispatched to the apartment and threatened to break the door down if it was not opened. Thereafter, the victim came rushing out, stated that she had been raped and that defendant had a gun and threatened to shoot her. The police entered the apartment and made a cursory search for weapons and other individuals. Defendant accompanied the officers to police headquarters and ultimately made incriminating statements and consented to a search of his apartment. After a trial, a jury found defendant guilty of attempted rape in the first degree and sexual abuse in the first degree. He was sentenced to concurrent prison terms of 5 to 15 years for the attempted rape conviction and 2 to 6 years for the sexual abuse conviction. Thereafter, defendant's CPL 440.10 motion to vacate the judgment was denied without a hearing. Defendant now appeals both the judgment of conviction and, by permission of this court, the denial of his postjudgment motion.

Initially, we reject defendant's contention that County Court erred in refusing to suppress his confession and the physical evidence that was seized. We agree with County Court that the initial search of the apartment and questioning of defendant were proper. The exigencies of the situation justified a

quick sweep in search of other occupants (see, People v Hodge, 44 NY2d 553, 557-558), and the brief questioning of defendant was minimally intrusive in view of the allegation of criminal activity (see, People v Johnson, 59 NY2d 1014, 1016; People v Huffman, 41 NY2d 29, 31). Moreover, in view of the uncontroverted testimony, we concur with County Court's findings that defendant voluntarily agreed to go to police headquarters for questioning and was advised of his Miranda rights. Defendant's contention that his physical and mental condition impaired his ability to waive his rights finds little support in the record. Although he had been drinking and complained of headaches, he neither appeared to be intoxicated nor indicated that his headaches interfered with his ability to think (see, People v McQueen, 18 NY2d 337, 346; People v Topping, 74 AD2d 703, 704). We conclude that defendant understood his rights and made a voluntary, knowing and intelligent waiver of them.

Defendant next asserts that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People, as we must (see, People v Montanez, 41 NY2d 53, 57), we find that it is legally sufficient to support the guilty verdict. The victim's testimony was corroborated by the police officers' observation of the crime scene, defendant's confession and the numerous abrasions found on the victim's body (see, People v Fransua, 135 AD2d 909, 910, lv denied 71 NY2d 1026). Moreover, we do not find the verdict to be against the weight of the evidence (see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490).

Furthermore, County Court properly denied defendant's CPL 440.10 motion without a hearing since the grounds raised in the moving papers could either be addressed on his direct appeal (see, CPL 440.10 [2] [b]; People v Cooks, 113 AD2d 975, affd 67 NY2d 100) or were not supported by sufficient factual allegations (see, CPL 440.30 [4] [a], [b]; People v Harris, 109 AD2d 351, 354, lv denied 66 NY2d 919). Nor is there any support in the record for the bald accusation that the Trial Judge was biased (see, People v Smith, 63 NY2d 41, 68, cert denied 469 US 1227). We likewise reject defendant's contention that the conduct of the prosecutor deprived him of a fair trial. Although the prosecutor made certain improper comments, viewed in the context of the trial as a whole and the overwhelming proof of guilt, we do not find the conduct so egregious as to have deprived defendant of a fair trial (see, People v Roberts, 103 AD2d 975, 976, affd 64 NY2d 854). Finally, defendant's contention that his sentence was harsh

and excessive is without merit. In view of the brutal nature of these crimes and defendant's prior record, the sentence imposed was not unduly harsh or excessive (see, *People v Fransua,* 135 AD2d 909, 910, *supra).*

We have reviewed defendant's remaining contentions, including those contained in his *pro se* briefs, and find them to be either without merit or unpreserved for our review.

Judgment and order affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.