THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM T. DUFF, Appellant.

The defendant's challenge to the adequacy of his plea allocution is without merit. The defendant's factual recitation and the plea colloquy were sufficient to make out all the elements of attempted robbery in the first degree. Even if the defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Pelaccio,* 141 AD2d 772; *People v Phelps,* 140 AD2d 637). Accordingly, the plea of guilty was properly accepted *(see, People v Harris,* 61 NY2d 9).

The defendant also claims that the trial court erred in refusing to permit him to withdraw his plea of guilty. The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524-525; *People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122). The defendant's generalized claim of innocence which was not made during the plea allocution and is unsupported by the record did not entitle him to withdraw his plea *(see, People v Gardner,* 150 AD2d 722). Nor is the defendant's assertion of an alleged off-the-record statement by his attorney that he would be sentenced to an indeterminate term of 2 to 5 years' imprisonment upon the People obtaining a conviction of his codefendant binding on the court *(see, People v Rodriguez,* 150 AD2d 812).

We also find that the defendant was properly adjudicated a second felony offender. At the time of sentencing, the People

filed a predicate felony statement in accordance with CPL 400.21 (2). The court asked the defendant whether he admitted or denied the allegations contained therein. The defendant admitted that he had been convicted of the crime of burglary in the third degree alleged in the statement but asserted that because he had not served time in an upstate prison he believed he had been convicted of a misdemeanor rather than a felony. In light of the documentation of the defendant's felony conviction, which included a certificate of conviction, the defendant's statement in this regard was insufficient to warrant a hearing *(see, People v Betheny,* 147 AD2d 488; *People v Williams,* 106 AD2d 786). Further, we find there was substantial compliance with CPL 400.21 *(see, People v Ford,* 157 AD2d 992).

Equally unavailing is the defendant's argument that his sentence, which was the product of a negotiated plea agreement for which he freely bargained, was excessive. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.