■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. HILL, Appellant.—Kane, J. P. Appeals (1) from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered June 30, 1986, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered March 22, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On his appeal from the judgment of conviction, defendant contends that his oral and written statements and the tangible evidence seized at the time of his arrest should have been suppressed on the ground he was arrested without probable cause. Defendant and his father, Thomas Hill, were engaged in the same criminal activity together and were arrested together at the same time. The facts and circumstances concerning that activity and the arrest are fully set forth in an opinion of this court in the father's appeal from his conviction (People v Hill, 146 AD2d 823, lv denied 73 NY2d 1016). For the same reasons set forth therein, we also find probable cause for the arrest of this defendant (see, supra, at 824-825).

We also reject defendant's contention that the colloquy with County Court at the time of the entry of his plea of guilty was insufficient to establish the voluntariness of his plea. Defendant appeared in court on three different occasions in regard to his plea and the sentence to be imposed. He was represented by counsel throughout all proceedings and was given every consideration by the court. There was much discussion about the agreement interlocking his sentence with that of his father (see, supra), and the entire extended process demonstrates a clear understanding on his part of what was agreed to and what was to transpire (see, People v Perrotti, 153 AD2d 992, lv denied 75 NY2d 774).

As to the denial of the CPL article 440 motion without a hearing, we note that the record demonstrates, on its face, sufficient facts to deny the motion to vacate the judgment of conviction upon all the grounds raised by defendant *(see,* CPL 440.10 [2] [b]; *People v Cooks,* 67 NY2d 100, 104). Lastly, we find nothing in this record to suggest that defendant failed to receive effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Judgment and order affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.