■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WYLIE CORBIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 14, 1988, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant did not move to withdraw his plea at any time prior to sentencing, his challenge to the sufficiency of his plea allocution is unpreserved for appellate review *(see, People v Mackey,* 77 NY2d 846; *People v Pellegrino,* 60 NY2d 636; *People v Gonzalez,* 150 AD2d 796; *People v Berrios,* 144 AD2d 566). Moreover: "Even if the defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty, it would not require vacatur of his plea since there is no suggestion in the record that the plea was improvident or baseless *(see, People v Nixon,* 21 NY2d 338, 350, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Pelaccio,* 141 AD2d 772; *People v Phelps,* 140 AD2d 637)" *(People v Duff,* 158 AD2d 711; *see, People v Cruz,* 146 AD2d 708; *People v Perkins,* 89 AD2d 956).

Furthermore, having knowingly and voluntarily pleaded guilty with the assistance of capable counsel, the defendant may not now argue that the testimony given at the prior suppression hearing indicated that the evidence available to the People for use at a trial was legally insufficient to support the crime of robbery in the second degree *(see, People v Torres,* 171 AD2d 825).

Finally, insofar as the sentence that was imposed was the sentence that the defendant bargained for and agreed to as part of the negotiated plea, he may not now complain that it was harsh or excessive *(see, People v DiSalvo,* 170 AD2d 617; *People v Kazepis,* 101 AD2d 816). Nor are there any factors present in this case which would warrant modification of the sentence by this court. Mangano, P. J., Lawrence, Eiber and Balletta, JJ., concur.