■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMARTIN MAYNOR, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Nassau County (Harrington, J.), rendered July 18, 1985, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence, and (2) by permission, from an order of the same court, dated April 18, 1989, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

The defendant contends, *inter alia,* that the factual recitation underlying his plea of guilty was deficient, requiring reversal of his judgment of conviction. We disagree. Even assuming that the factual recitation was not complete, reversal of the judgment is unwarranted since the record demonstrates that the plea was knowingly and voluntarily entered with the assistance of counsel, and there is no suggestion that the plea was improvident or baseless *(see, People v Corbin,* 175 AD2d 171; *People v Duff,* 158 AD2d 711; *People v Lowe,* 150 AD2d 801, 802; *People v Caban,* 131 AD2d 863; *see also, People v Lopez,* 71 NY2d 662; *People v Harris,* 61 NY2d 9, 16-17; *People v Francis,* 38 NY2d 150, 155-156). Further, the defendant's motion pursuant to CPL 440.10 was properly denied since the sufficiency of the plea allocution was fully reviewable upon the appeal of the underlying judgment *(see,* CPL 440.10 [2] [b]; *People v Cooks,* 67 NY2d 100, 103; *People v Hill,* 161 AD2d 893, 894; *People v Benyi,* 152 AD2d 864, 865).

The sentence imposed is not excessive under the circumstances presented *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Bracken, J. P., Harwood, Eiber and O'Brien, JJ., concur.