■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABOUD ABI-ZEID, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Sherman, J.),

rendered February 1, 1991, convicting him of sexual abuse in the first degree (three counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant failed to preserve his claim that the trial court erred by permitting the rebuttal witnesses to testify *(see, People v Beavers,* 127 AD2d 138, 140). In any event, the trial court properly exercised the discretion afforded by CPL 260.30 (7) in allowing the introduction of the rebuttal testimony.

The defendant's claim that the verdict was repugnant is also unpreserved for appellate review *(see, People v Satloff,* 56 NY2d 745; *People v Stahl,* 53 NY2d 1048). In any event, the verdict was not repugnant since the count of sexual abuse of which the defendant was acquitted did not contain the identical elements of the charges of which he was convicted *(see, People v Alfaro,* 108 AD2d 517, 519, *affd* 66 NY2d 985; *People v Pugh,* 36 AD2d 845, 846, *affd* 29 NY2d 909, *cert denied* 406 US 921).

We have considered the defendant's remaining contention and find that it is without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.