THIRD DEPARTMENT, APRIL, 1993

(April 8, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAMILTON, Appellant. [596 NYS2d 175] —Harvey, J. Appeal from a judgment of the County Court of Sullivan County (Harris, J.), rendered October 19, 1990, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, sodomy in the first degree (two counts), burglary

in the second degree, unlawful imprisonment in the first degree, criminal possession of a weapon in the fourth degree and criminal mischief in the fourth degree.

On November 12, 1989, defendant met the victim in a tavern and offered to give her a ride home. While en route, defendant threatened the victim with a switchblade knife. He cut off her clothes and then raped and sodomized her. During those acts defendant repeatedly choked and hit the victim. Eventually, defendant drove the victim to her apartment and forced her to let him inside. He cut the telephone line but he fled after the victim's girlfriend and her child arrived at the apartment. Defendant was quickly apprehended by the police and he admitted his crimes. Defendant also told the police where they could find the knife and the victim's cut-up clothing. A Grand Jury handed up an indictment charging defendant with one count of rape in the first degree, two counts of sodomy in the first degree, one count of burglary in the second degree, one count of unlawful imprisonment in the first degree, one count of criminal possession of a weapon in the fourth degree and one count of criminal mischief in the fourth degree. Defendant pleaded not guilty and pretrial suppression hearings were conducted.

Just prior to jury selection, however, defendant approached County Court and offered to plead guilty. At that time, the court advised defendant that it would accept a plea to all counts of the indictment with the aggregate of the sentences being no greater than 10 to 30 years in prison. Defendant accepted this offer and pleaded guilty. Defendant then moved twice to withdraw his plea of guilty and both motions were denied. Defendant was sentenced to concurrent prison terms of 8⅓ to 25 years for each of the rape and sodomy counts. He was sentenced to a prison term of 1⅔ to 5 years for the burglary in the second degree count and this term was to run consecutively to the sentences for the rape and sodomy counts. Defendant was also sentenced to concurrent prison terms of 1⅓ to 4 years on the conviction for unlawful imprisonment in the first degree and one year for his conviction of criminal possession of a weapon in the fourth degree. He was also sentenced to a concurrent one-year prison term on his conviction of criminal mischief in the fourth degree. This appeal followed.

There must be an affirmance. We have examined defendant's many arguments on appeal and find them to be completely without merit. Contrary to his assertions, the record

unequivocally establishes that his plea was knowingly and voluntarily made *(see, People v Torres,* 188 AD2d 955; *People v Maynor,* 177 AD2d 602, *lv denied* 79 NY2d 950). County Court did not err in denying defendant's motion to withdraw his plea. The court noted that it was defendant himself who initiated the plea negotiations on the eve of trial and there was clearly a factual basis for the plea given defendant's own admissions and the overwhelming evidence of defendant's guilt that came out at the suppression hearings. Neither defendant's far-fetched and unsupported assertions of innocence made after his plea nor his meritless claim of ineffective assistance of counsel was sufficient to justify setting aside the guilty plea *(see, People v Terry,* 179 AD2d 833, *lv denied* 80 NY2d 839; *People v Youmans,* 177 AD2d 679, 680; *People v Dickerson,* 163 AD2d 610, *lv denied* 76 NY2d 892).

We are similarly unpersuaded by defendant's claim that his sentence was harsh and excessive. Defendant unquestionably could have received a greater sentence. The fact that he was not given the benefit of an earlier plea offer is not dispositive. Defendant rejected that offer. Therefore, he is not entitled to specific performance of the first offer *(see, People v Simmons,* 190 AD2d 911). As it stands, given the brutal and vicious nature of defendant's crimes and his total lack of remorse, we have no alternative but to conclude that his bargained-for sentence was fair under the circumstances.

Mikoll, J. P., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.