■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX McFADDEN, Appellant. [598 NYS2d 567] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered November 15, 1990, as amended November 19, 1990, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), assault in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is modified, on the law, by reversing the convictions for criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree and dismissing those counts of the indictment; as so modified, the judgment, as amended, is affirmed.

The trial court's statements moments before the court decided to end the jury's deliberations for the day, which merely informed the jurors in an impartial and neutral manner that they would be sequestered for the evening and the time factors involved, did not constitute, under the circumstances present, an attempt to coerce or compel the jury to reach a prompt verdict *(see, People v Pagan,* 45 NY2d 725; *People v Sharff,* 38 NY2d 751, 753).

The defendant's contention with respect to inconsistent verdicts is not preserved for appellate review because it was not raised prior to the discharge of the jury, when any infirmity might be remedied by resubmission of its verdict to the jury for reconsideration *(see, People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745; *People v Abi-Zeid,* 178 AD2d 604; *People v Walker,* 175 AD2d 146). In any event, the verdict was not inconsistent because the charged crimes involved different victims and did not contain identical elements

*(see, People v Tucker,* 55 NY2d 1, 6; *People v Castro,* 141 AD2d 658; *People v Crutchfield,* 111 AD2d 346; *People v Zuziela,* 98 AD2d 161, 164-165).

As the People concede, the defendant is not criminally liable for the crimes of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree because he was 15 years old at the time of the crime *(see,* Penal Law § 30.00). Therefore, the guilty verdicts as to each of these counts are nullities and the counts are dismissed *(see,* CPL 310.85; *People v McDermott,* 179 AD2d 685; *People v Ennis,* 94 AD2d 746, 747; *People v Lester B.,* 84 AD2d 791, 792). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.