■ The People of the State of New York, Respondent, v Hunter Lee, Appellant. [621 NYS2d 871] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered September 30, 1991, which convicted defendant, upon his plea of guilty, of manslaughter in the second degree and sentenced him to a term of 1 to 3 years, unanimously affirmed.

Defendant claims that his admissions at the plea proceeding do not establish his guilt of manslaughter in the second degree and that the court erred in denying his *pro se* motion to withdraw his plea without a hearing. Defendant's former claim is unpreserved since he failed to raise it in his *pro se* motion, and we decline to review it in the interest of justice. Were we to do so, we would find it to be without merit. Defendant admitted that he was responsible for the care of his

infant son one week prior to his son's death, and that he failed to provide the infant with adequate food and water, and to bring the infant to a doctor for medical care. Further, reversal is not warranted inasmuch as the record reveals that the plea was knowingly and voluntarily entered with the assistance of counsel, and there is no suggestion that the plea was improvident or baseless *(People v Maynor,* 177 AD2d 602, *lv denied* 79 NY2d 950, and cases cited therein). Defendant's latter claim, while preserved, is also without merit inasmuch as defendant's claims of coercion and innocence are belied by the minutes of the plea proceeding *(People v Campbell,* 200 AD2d 364, *lv denied* 83 NY2d 869). We note that defendant was offered a reasonable opportunity to present his contentions to the court in his *pro se* motion to withdraw the plea and in his oral representations to the court at sentencing *(People v Sutter,* 186 AD2d 351, *lv denied* 80 NY2d 1030). Concur—Sullivan, J. P., Wallach, Kupferman and Ross, JJ.