(July 19, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDY J. LA MOTTE, Appellant. [728 NYS2d 582] —Spain, J. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered August 15, 1997, upon a verdict convicting defendant of the crimes of coercion in the first degree, menacing in the second degree, attempted assault in the third degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child, and (2) by permission, from an order of said court, entered February 11, 1999, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted of coercion in the first degree, menacing in the second degree, attempted assault in the third degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child. He was thereafter sentenced, as a second felony offender, to terms of imprisonment of 2 to 4 years for coercion in the first degree, three months for attempted assault in the third degree, and three one-year terms in connection with each of the remaining charges, with all sentences to be served concurrently. Additionally, County Court directed that an order of protection be continued prohibiting contact between defendant and his son and stepdaughter. Defendant appealed from the judgment of conviction and also moved pursuant to CPL 440.10 to vacate same. County Court denied the motion without a hearing. This Court thereafter granted defendant permission to appeal the order denying his motion to vacate and consolidated the two appeals.

We affirm. Initially, we are unpersuaded by defendant's contention that the evidence was legally insufficient to support the determinations of guilt in connection with the charges of

coercion in the first degree, endangering the welfare of a child and menacing in the second degree.* Viewing the evidence, as we must, in a light most favorable to the People (*see*, *People v Taylor*, 94 NY2d 910; *People v Contes*, 60 NY2d 620, 621), we find that it was legally sufficient to establish defendant's guilt on these charges. The evidence adduced at trial established that on the evening of November 21, 1996, defendant and his then-girlfriend, Corinth Laware—to whom he was married at the time of trial—engaged in an argument in their apartment, during which he repeatedly hit her about the head and face. He then obtained a rifle and threatened to shoot her in the presence of their one-year-old son. Defendant ultimately directed Laware to pack the baby's bags and she complied. He then took the baby from their home and began walking down a highway with the baby and the rifle until he was apprehended by State Troopers.

To be convicted of coercion in the first degree, the People were required to prove that defendant compelled Laware to engage in conduct which she had a legal right to abstain from engaging in by instilling in her a fear that if she did not comply with the demand, defendant would cause physical injury to her (*see*, Penal Law § 135.65 [1]; *People v Wager*, 199 AD2d 642, 642-643, *lv denied* 83 NY2d 811). Here, under the circumstances presented to her, Laware had a legal right to refuse to turn the baby over to defendant. At trial, she testified that she gave the baby to defendant "willingly," but admitted that she did not want to testify against defendant because they were recently married. On redirect, she admitted that in her testimony before the Grand Jury and in her statement to the police, she told them that she turned over the baby because she wanted defendant to leave, she did not want to be hurt and she did not want the baby to be hurt. This constituted sufficient evidence from which the jury could rationally find that she turned the baby over to defendant because he was armed, and she was afraid that she and the baby would be harmed if she did not do as defendant directed (*see*, *People v Chung Oun Ng*, 269 AD2d 540, *lv denied* 94 NY2d 946).

Likewise, Laware's testimony that defendant struck her while she held the baby sufficiently demonstrated that defendant knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of the child, thus establishing the endangerment charge (*see*, Penal Law § 260.10 [1];

---

* Defendant does not challenge the legal sufficiency of the evidence convicting him of the crimes of attempted assault in the third degree and criminal possession of a weapon in the fourth degree.

*People v West*, 271 AD2d 806, *lv denied* 95 NY2d 893). Finally, with regard to the menacing charge, Laware's testimony at trial, that when defendant initially obtained and displayed the rifle she feared that he would shoot her, supported the jury's finding that defendant intentionally placed or attempted to place her in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon (*see,* Penal Law § 120.14 [1]; *People v Baum*, 143 AD2d 1024, *lv denied* 73 NY2d 919).

Next, we turn to defendant's assertion that County Court erred in failing to charge the jury with coercion in the second degree as a lesser included offense of coercion in the first degree. Inasmuch as defendant neither requested such charge nor objected to the charge as given, he has failed to preserve the issue for our review (*see, People v Layman*, 284 AD2d 558; *People v Harris*, 174 AD2d 836). Moreover, were we to review this issue in the interest of justice, we would conclude that there is no reasonable view of the evidence that would permit the jury to find that defendant committed the lesser crime but not the greater (*see,* CPL 300.50; *People v Discala*, 45 NY2d 38, 43; *People v Pereau*, 99 AD2d 591, *affd* 64 NY2d 1055; *People v Zuziela*, 98 AD2d 161, 163).

We are similarly unpersuaded by defendant's contention that County Court erred in denying his request for a missing witness charge in connection with a State Trooper who was one of several involved in apprehending defendant. A court is required to give a missing witness charge when it is demonstrated that an opposing party has failed to produce a witness who is "knowledgeable about a material issue upon which evidence is already in the case; that the witness would naturally be expected to provide noncumulative testimony favorable to the party who has not called him[;] and that the witness is available to such party" (*People v Gonzalez*, 68 NY2d 424, 427; *see, People v Trichilo*, 230 AD2d 926, 929, *lv denied* 89 NY2d 931). Inasmuch as the People demonstrated that the State Trooper was unavailable at the time of trial as he was out of State on military duty, defendant has failed to establish his entitlement to the charge (*see, People v Gonzalez, supra,* at 428; *People v Ross*, 282 AD2d 929; *People v Flynn*, 278 AD2d 428, *lv denied* 96 NY2d 758).

We also reject defendant's conclusory assertions that the protective order prohibiting him from having contact with his son and stepdaughter until August 2004 is invalid and harsh. When a crime has been committed between members of the same family or household, an order of protection may be issued

in favor of the victim of such crime and members of the family or household of the victim (see, CPL 530.12 [5]; see generally, People v Travis OO., 237 AD2d 646; People v Debo, 234 AD2d 944, lv denied 89 NY2d 984). Moreover, where defendant has been convicted of a felony, such order may extend until "three years from the date of the expiration of the maximum term of an indeterminate * * * sentence of imprisonment actually imposed" (CPL 530.12 [5] [ii]). Here, the felony was committed against Laware, and one of the children who is the subject of the order of protection was also a victim in this case and both are members of Laware's family. Accordingly, we find County Court's imposition of the order to be valid and appropriate under the circumstances.

Furthermore, we perceive no basis upon which to disturb County Court's summary denial of defendant's motion pursuant to CPL 440.10 inasmuch as the issues raised therein are either addressed as part of this direct appeal (see, CPL 440.10 [2] [b]; People v Livingston, 262 AD2d 786, lv denied 94 NY2d 881), unsupported by sufficient factual allegations (see, CPL 440.30 [4] [a]; People v Benyi, 152 AD2d 864, lv denied 74 NY2d 894), or have already been addressed by this Court (see, People v La Motte, 276 AD2d 931).

Finally, we note that defendant has already served his sentence, rendering his harsh and excessive argument moot (see, People v Durham, 248 AD2d 820, 823, lv denied 91 NY2d 972; People v Regan, 233 AD2d 615, 616). Defendant's remaining contentions have been examined and, to the extent preserved, found to be lacking in merit.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.