THIRD DEPARTMENT, AUGUST, 2005

(August 4, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STUART L. WILLIAMSON, Appellant. [799 NYS2d 618]—

Kane, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered February 11, 2003, convicting defendant following a nonjury trial of the crimes of coercion in the first degree and assault in the third degree.

At a bench trial on a seven-count indictment based on an incident between defendant and the victim, his then girlfriend, she testified that during the argument at issue defendant struck her three times in the face or head. Defendant was agitated and declared that he would not go to jail for what happened. He then removed two telephones from the victim's reach, stating that she could not call anyone, after which he remained within sight of her, generally between her and the telephones. Later in the argument, he procured a butcher knife and rope, stating that she was "done" or "dead." The argument began on the evening of March 1, 2002 and continued into the next morning. The victim further testified that she was afraid of defendant and afraid to call the authorities due to defendant's threats to, among other things, rape her or kill her. She ultimately contacted the police on March 5, 2002, at the first opportunity she felt she could do so safely. County Court found defendant guilty of coercion in the first degree and assault in the third degree. Defendant appeals, claiming only that the verdict was against the weight of the evidence.

The guilty verdict on the assault charge was not against the weight of the evidence. Regarding that charge, defendant only contends that the evidence weighed against a finding that the victim suffered a physical injury, which requires a showing of "substantial pain" (Penal Law § 10.00 [9]). The victim testified that her cheek, chest and side were bruised, these areas were

sore for several days afterward, her face was swollen, and these conditions caused her pain. This testimony was supported by the testimony of a police officer and her doctor regarding their observations of her physical condition four and five days after this incident, as well as photographs of the bruised and swollen condition of her face and chest. This evidence sufficiently established the element of physical injury (*see People v Tompkins*, 8 AD3d 901, 902-903 [2004]; *People v Brodus*, 307 AD2d 643, 644 [2003], *lv denied* 100 NY2d 618 [2003]).

The verdict on the coercion charge also was not against the weight of the evidence. The People were required to prove that defendant compelled the victim to abstain from calling the police, conduct which she had a legal right to engage in, by instilling in her a fear that he would cause her physical injury if she did not comply with his demand (*see* Penal Law § 135.65 [1]; *People v La Motte*, 285 AD2d 814, 815 [2001]). Coercion in the first degree requires that the method of coercion is a threat of injury with a "heinous quality" (*People v Eboli*, 34 NY2d 281, 287 [1974]), which is generally satisfied by threats of personal injury (*see People v Discala*, 45 NY2d 38, 42-43 [1978]). The victim's testimony established that she refrained from calling the police or trying to contact them because she was afraid of defendant and feared that he would carry out his threats to rape or kill her if she told anyone what he had done. The defense elicited testimony that the victim wanted defendant out of her house, would do anything to get rid of him, she had access to a phone at work but did not call police from her office and she acted affectionately toward defendant between the time of the incident and reporting it to police. Weighing the conflicting testimony and inferences drawn from that testimony, and according great deference to County Court's credibility determinations, the trier of fact was warranted in finding that the victim attempted to carry out her normal routine and please defendant out of fear that any aberration would cause defendant to carry out his threats and harm her (*see People v Hure*, 16 AD3d 774, 775-776 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Krzykowski*, 293 AD2d 877, 879-880 [2002], *lv denied* 100 NY2d 643 [2003]; *see also People v La Motte, supra* at 815). Thus, the verdict was supported by the evidence.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.