People v Seymour (2018 NY Slip Op 08041)





People v Seymour


2018 NY Slip Op 08041


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-03800
 (Ind. No. 15-00408)

[*1]The People of the State of New York, respondent,
v
Spencer D. Seymour, appellant.


Paul N. Weber, Cornwall, NY, for appellant.
David M. Hoovler, District Attorney, Middletown, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicolas DeRosa, J.), rendered March 24, 2016, convicting him of burglary in the second degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence supporting his conviction of burglary in the second degree was legally insufficient is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Mendez, 34 AD3d 697, 698; People v Soto, 8 AD3d 683). In any event, the defendant's contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of burglary in the second degree.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during opening and closing statements is unpreserved for appellate review (see CPL 470.05[2]; People v Taylor, 65 AD3d 1169, 1170). In any event, the prosecutor's remarks were mostly fair comment on the evidence, permissible rhetorical comment, or a fair response to the summation of defense counsel (see People v Dorgan, 42 AD3d 505, 505; People v McHarris, 297 AD2d 824, 825; People v Clark, 222 AD2d 446, 447; People v Vaughn, 209 AD2d 459, 459-460). To the extent that some of the comments were improper, they did not deprive the defendant of a fair trial (see People v O'Keefe, 105 AD3d 1062, 1064; People v Jenkins, 93 AD3d 861; People v St. Juste, 83 AD3d 742).
The defendant's contention that the Supreme Court's initial jury charge was coercive is unpreserved for appellate review (see CPL 470.05[2]; People v Edey, 180 AD2d 694). In any event, under the circumstances presented here, the court's comments, which merely informed the jury about scheduling issues, did not constitute an attempt to coerce or compel the jury to reach a prompt verdict (see People v Pagan, 45 NY2d 725; People v Scharff, 38 NY2d 751, 753; People v Morales, 36 AD3d 631, 632; People v James, 285 AD2d 561, 562; People v McFadden, 194 AD2d 566, 566).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. The record as a whole demonstrates that counsel provided the defendant with meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court